PER CURIAM:
The claimant brought this action for damage to his 1986 Ford F150 truck which occurred when one of respondent’s fifty-five gallon barrels rolled off a hill and struck it. The barrel was owned by respondent and was located on respondent’s property in Philippi, Barbour County. The Court is of the opinion to make an award in this claim for the reasons stated more fully below.
The incident giving rise to this claim occurred during the night of February 9, 2001, on claimant’s property located next to Route 119 South near Philippi, Barbour County. Mr. Freeman walked to his truck on the morning of February 10, 2001, and noticed that a large fifty-five gallon barrel was laying against the tailgate of his truck. It was an empty metal barrel and weighed approximately thirty-five to forty pounds. It apparently had rolled from respondents’ property at the top of the hill above Mr. Freeman’s parking lot. Respondent owns the property next to Mr. Freeman’s property including the hill from which the barrel came. Mr. Freeman testified that the barrel rolled approximately one hundred to two hundred feet down the hill and struck his truck. He also testified that respondent had stacked barrels on their sides approximately three or four high in a pyramid type formation.
Claimant testified that he had purchased the 1986 Ford Truck in 1998. He stated that the barrel caused significant damage to the tailgate of his truck. He submitted a repair estimate which includes $246.25 for the tailgate, $46.47 for the chrome strip, $553.38 for the aluminum panel, and $250.00 for the paint and labor plus tax totaling $1,161.87 in damages. It is claimant’s contention that respondent failed properly to secure the barrel which allowed it to roll down the hill and damage his truck.
Respondent’s position is that the barrels were properly secured and that heavy winds blew the barrel over the hill which was an unforeseeable event. George Ervin, respondent’s transportation crew supervisor for respondent in Barbour County, testified that respondent did have barrels stacked up on the hill above claimant’s property for approximately two years prior to this incident. He testified that it was one of respondent’s barrels that struck claimant’s truck. He stated that there were ten barrels in total and that they were approximately one hundred and fifty feet from the edge of the hill adjacent to Mr. Freeman’s property. This was the first time that any barrel had rolled down the hill. Mr. Ervin attributed this incident to a windstorm during the night of February 9, 2001. Respondent introduced photographs depicting the damage to the tailgate of claimant’s truck. Mr. Ervin took these photographs just after the incident. He noted that the barrel had caused a dent in the bottom of the tailgate. He also noted that there was some fine rust on the surface of the tailgate and one rust hole through the tailgate.
This case is one of clear liability. It is undisputed that it was one of respondent’s barrels that rolled down the hill and struck claimant’s vehicle. It is also undisputed that the tailgate of claimant’s vehicle was damaged as a result. Respondent should have anticipated the possibility that one of its barrels could come *63 lose and roll down the hill onto the claimant’s property. It is foreseeable that such a large fifty-five gallon barrel would cause damage to property that is down hill from it. Respondent should have taken more precautions in securing the barrel. The fact that wind may have blown the barrel lose is a foreseeable event and should have been considered. Respondent’s failure adequately to secure the barrel was the proximate cause of the damages to claimant’s truck.
Accordingly, the Court makes an award to the claimant in the amount of $700.00 which has been calculated by the Court as a fair and reasonable award for the depreciated value of the tailgate.
Award of $700.00.